In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-18-00442-CR
_____

**EURICE WILSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 3**
**Jefferson County, Texas**
**Trial Cause No. 308475**

**MEMORANDUM OPINION**

A jury convicted appellant Eurice Wilson of driving while intoxicated. The trial court assessed punishment at ninety days in the county jail and a fine of $1000, but suspended the imposition of sentence and placed Wilson on community supervision for one year. Wilson filed this appeal, in which he contends that (1) the investigating officer lacked reasonable suspicion or probable cause, and (2) the

1

investigating officer's exercise of his community caretaking function in detaining Wilson was unreasonable. We affirm the trial court's judgment.

BACKGROUND

Detective Ricardo Meza of the Port Arthur Police Department testified that he conducted a traffic stop of Wilson's vehicle, and a video of the stop was admitted into evidence and played for the jury over defense counsel's objection that Meza lacked reasonable suspicion. According to Meza, Wilson's car was weaving back and forth, and Wilson then pulled over and parked on the side of the public road although Meza had not activated his lights. Meza testified that it was a busy street, and is not a normal location to stop. Meza explained that he saw the vehicle and followed it for three or four blocks before the vehicle pulled over. Meza testified that he wondered whether something was wrong with the driver of the vehicle, and he explained that he was checking on Wilson's welfare, not conducting a traffic stop. Meza explained that he has previously encountered drivers who were experiencing a diabetic crisis. Meza testified that Wilson's speech was slurred, Wilson appeared disoriented and had bloodshot, watery eyes, and Meza smelled an alcoholic beverage on Wilson. Meza began to suspect that Wilson might be intoxicated. Wilson told Meza that he had consumed beer not long ago.

Meza asked Wilson to get out of the vehicle and Meza performed standardized field sobriety tests, including the horizontal gaze nystagmus, walk and turn, and one-leg stand. According to Meza, Wilson displayed six out of six clues for nystagmus and four clues on the walk and turn. Meza explained that Wilson had difficulty following instructions and keeping his balance during the field sobriety testing, and Wilson was disoriented. Based upon Wilson's actions, hesitation, and stumbling, Meza believed Wilson was intoxicated. According to Meza, Wilson refused to provide a breath sample.

Detective Tomas Barboza of the Port Arthur Police Department testified that he was working off-duty with Meza when they came across Wilson. Barboza described Wilson's eyes as red, bloodshot, and glassy. According to Barboza, Wilson had trouble performing the tasks Meza asked him to do during the field sobriety testing. Barboza testified that his observations led him to believe that Wilson did not have normal use of his physical faculties, and Wilson's actions were consistent with those of an intoxicated person.

The State rested at the conclusion of Barboza's testimony. The defense rested after making a motion for directed verdict, which the trial judge denied. The jury found Wilson guilty. The trial judge assessed punishment at ninety days in the county jail and a fine of $1000, but the judge suspended the imposition of sentence

and placed Wilson on community supervision for one year. Wilson filed this appeal, in which he raises two issues for our review.

## ISSUES ONE AND TWO

In his first issue, Wilson assert that Meza "had no reasonable suspicion or probable cause" to stop Wilson's vehicle, and in issue two, Wilson argues that Meza's use of his community caretaking function was unreasonable. We address issues one and two together.

We first address whether Meza's use of his community caretaking function was reasonable. To invoke the community caretaking exception, an officer's primary motive must be concern for the individual's wellbeing. *Corbin v. State*, 85 S.W.3d 272, 277 (Tex. Crim. App. 2002). Determining whether an officer has properly invoked the community caretaking function is a two-step process. *See id.* First, we must determine whether the officer was primarily motivated by a community caretaking purpose. *Id*. Second, we must determine whether the officer's belief that assistance was required was reasonable. *Id*. In determining whether the officer's belief that the defendant needed help was reasonable, we consider:

> (1) The nature and level of the distress exhibited by the individual; (2) the location of the individual; (3) whether or not the individual was alone and/or had access to assistance other than that offered by the officer; and (4) to what extent the individual, if not assisted, presented a danger to himself or others.

4

*Id.* "Because the purpose of the community caretaking exception is to allow an officer to 'seize' and assist an individual whom he reasonably believes is in need of help, the first factor is entitled to the greatest weight." *Id.*

As discussed above, Meza testified that he followed Wilson's car for three or four blocks and observed that it was weaving back and forth, and Wilson then pulled over and parked on the side of the public road although Meza had not activated his lights. Meza explained that it was a busy street and was not a normal location to stop. Meza consistently testified that he was motivated by concern about Wilson's welfare, and he explained that he had previously encountered drivers who were experiencing medical problems. We conclude that the trial court reasonably determined that Meza's primary motivation in stopping Wilson was based upon concern for community caretaking. *See Corbin*, 85 S.W.3d at 277. Next, we must determine whether Meza's belief that Wilson might need assistance was reasonable. *See id.* Meza testified that he observed the vehicle weaving for three or four blocks, and that Wilson stopped on a busy street, which was not a normal place to stop, when Meza had not activated his lights. Considering the four factors set forth in *Corbin* (distress, location, other assistance, and danger to himself or others) we conclude that Meza's belief that Wilson needed assistance was reasonable. *See id.* We overrule issue two. We need not determine whether Meza had reasonable suspicion because

5

if, as here, an officer is reasonably engaged in a community-caretaking function, he need not have reasonable suspicion of criminal activity. *See Byram v. State*, 510 S.W.3d 918, 921 (Tex. Crim. App. 2017). Accordingly, we overrule issue one. Having overruled both of Wilson's issues, we affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on January 21, 2020
Opinion Delivered May 6, 2020
Do Not Publish

Before McKeithen, C.J., Kreger and Johnson, JJ.